IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALBERT CURTIS MILLS, <br><br>     Plaintiff, <br><br>     v. <br><br> JEFF NINES, WARDEN, <br> KEITH ARNOLD, ASSISTANT WARDEN, <br> RONALD STOTLER, CHIEF OF SEC., <br> ROBERT FRITZ, MAJOR, <br> T.L. SIRES, CAPTAIN, <br> WILLIAM GILLUM, LT., <br> CROWE, SERGEANT, <br> NAVAHO, CORRECTIONAL OFFICER, <br> HOLT, CORRECTIONAL OFFICER, <br> JOHN OR MARY DOE, COMMISSIONER, <br> FRANK B. BISHOP, <br>   ASST. COMMISSIONER, <br> DIVISION OF CORRECTION, <br> SANDRA HOLMES, ADMIN OFFICER, <br> JOHN OR MARY DOE, SECRETARY, <br> MIKE, NURSE, <br> DEPT. OF PUBLIC SAFETY AND <br>   CORRECTIONAL SERVICES, <br> CORIZON HEALTH, INC., <br> NORTH BRANCH CORR. INST., <br> INMATE GRIEVANCE OFFICE, <br><br>     Defendants. | Civil Action No.: SAG-22-3304 |

**MEMORANDUM OPINION**

Self-represented Plaintiff Albert Curtis Mills, who is incarcerated in North Branch Correctional Institution ("NBCI"), filed this Civil Rights Action against a large number of defendants. Most of the Defendants have filed Motions to Dismiss, or in the alternative, for Summary Judgment. ECF Nos. 12, 20, 25. Plaintiff was advised of his right to file an opposition to the motions filed by Defendants. ECF Nos. 13 and 21. Mr. Mills filed an Opposition Response to the first dispositive motion filed, but despite being granted an extension of time to do so, Mr.

Mills did not file an Opposition Response to the second dispositive motion. *See* ECF No. 23 (Order granting extension). Rather, Mr. Mills filed an "End Abuse Motion" stating that he was not receiving "inmate welfare" which was impeding his ability to compose an Opposition Response and to mail it to the Court. ECF No. 25. Because Mr. Mills has failed to allege a cognizable claim pursuant to 42 U.S.C. § 1983, the Court finds a hearing in this matter unnecessary, *see* Local Rule 105.6 (D. Md. 2023), and as explained below, shall grant Defendants' motions and dismiss the Complaint as to all Defendants except Corizon Health, Inc.[1] Mr. Mills's Motion to End Abuse shall be denied.

**BACKGROUND**

**I.     Complaint Allegations**

Mr. Mills states that he has been diagnosed with schizophrenia and depression which, in his view, makes him a qualified individual under the Rehabilitation Act. ECF No. 1 at 13-14, 16, 19-20. He claims that the practice of requiring him to put his arms out of the cell door slot with thumbs and palms up so that he can be handcuffed behind his back causes him discomfort. *Id*. at 10. He states that there is a policy in place requiring this method of handcuffing that was put into place March 13, 2007 and has remained in place. *Id*. at 11. According to Mr. Mills, Officers Holt and Navaho handcuffed him behind his back this way on September 17, 2019, and October 1, 2019 when he was going to and coming from the shower. *Id*.

Mr. Mills asked a nurse for a medical order requiring that he be handcuffed in front. *Id*. at 12. On October 7, 2019, Mr. Mills's request was denied because the medical staff do not issue front cuffing orders for non-medical reasons. *Id*. He claims that the failure to grant his request for

---

[1] The complaint as it pertains to Corizon Health, Inc., will not be dismissed, as all actions against the corporation are automatically stayed pursuant to 11 U.S.C. §§ 101-1532. See ECF No. 9.

a front cuffing order has worsened the symptoms associated with his mental health diagnoses.  *Id*. at 13-14, 16.

Based on these allegations Mr. Mills concludes that handcuffing him behind his back is "deliberately indifferent" because Defendants were asked to stop and did not.  *Id*. at 18.  He adds that the "handcuff abuse" is malicious, atypical, and deprives him of his rights.  *Id*. at 18-19.

Mr. Mills also raises a claim under the Rehabilitation Act based on his view that he is disabled and NBCI receives federal funds.  *Id*. at 19-20.  He states, without describing any of the acts constituting exclusion or discrimination, that he has been excluded from participating in programs and activities solely because of his disability.  *Id*. at 20.  Mr. Mills states that "no handcuff abuse" is a reasonable accommodation that he is entitled to receive pursuant to the Rehabilitation Act.  *Id*. at 21-22.

As relief, Mr. Mills asks for an injunction ordering handcuff abuse to end by requiring front cuffing.  *Id*. at 26-27.  Additionally, he seeks monetary damages.  *Id*. at 27-29.

## II. Defendants' Response

As noted, Defendants' motions seek dismissal or summary judgment.  ECF Nos. 12 and 20.  The Court construes both motions as Motions to Dismiss for failure to state a claim and shall grant both motions.

Because summary judgment is not considered here, Mr. Mills's request for discovery is inapposite.  ECF No. 17.  This Court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).  The exhibits submitted by Defendants in support of their motions will therefore not be considered in the context of this Memorandum Opinion.

**STANDARD OF REVIEW**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

The Court is mindful that Mr. Mills is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir.1990). Application of these standards to Mr. Mills's complaint requires dismissal.

Additionally, 28 U.S.C. §§ 1915A and 1915(e)(2) require this Court to dismiss a complaint any time the Court determines that the complaint is frivolous, malicious, or fails to state a claim. Here, the Complaint fails to state a claim under either 42 U.S.C. § 1983 or the Rehabilitation Act.

**DISCUSSION**

**I.      § 1983 claims**

A cognizable claim filed pursuant to 42 U.S.C. § 1983 requires at a minimum an allegation of unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Essential to

4

sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Further, to the extent that Mr. Mills's complaint may be construed as alleging an Eighth amendment violation in connection with his mental health conditions, there must be an allegation that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). There is no underlying distinction between the right to medical care for physical ills and its psychological and psychiatric counterpart. *Bowring v. Godwin*, 551 F.2d 44, 47 (4th Cir. 1977); *see also DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) ("Courts treat an inmate's mental health claims just as seriously as any physical health claims.").

> [A prisoner] is entitled to psychological or psychiatric treatment if a physician or other health care provider, exercising ordinary skill and care at the time of observation, concludes with reasonable medical certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial.

*Bowring*, 551 F.2d at 47. The *Bowring* Court further concluded that the aforementioned right to such treatment is based upon the essential test of medical necessity and not upon that care considered merely desirable. *Id*. at 48.

Mr. Mills asserts that he has been diagnosed with serious mental illness, but he does not allege any conceivable nexus between that diagnosis and the handcuffing practices at NBCI. Rather, he simply states that the handcuffs hurt and concludes that this exacerbates his symptoms

5

of mental illness. There are no factual allegations describing how these two things are related and, importantly, how or why these Defendants would know that Mr. Mills's mental illness is worsened through the manner in which he is handcuffed.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561. "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mr. Mills's complaint is a threadbare recital of the elements of a cause of action, unsupported by any factual allegations that might raise a suspicion that his constitutional rights have been violated through deliberate actions taken against him. He offers no additional factual allegations to support his claims in his subsequent filings. ECF Nos. 17 and 25. The portion of his Complaint asserting constitutional violations fails to state a claim and must be dismissed.

## II.     Rehabilitation Act

The Rehabilitation Act was enacted seventeen years prior to the ADA. Title II of the ADA is closely related to § 504 of the Rehabilitation Act, and to "the extent possible, [courts] construe similar provisions in the two statutes consistently." *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 214 (4th Cir. 2002); *accord Class v. Towson Univ.*, 806 F.3d 236, 244 n.2 (4th Cir. 2015) (in an action under both acts, discussing the issues only under the ADA, as the standards applied are the same); *Seremeth v. Bd. of Cty. Comm'rs of Frederick*, 673 F.3d 333, 336 n.1 (4th

Cir. 2012) ("Claims under the ADA's Title II and the Rehabilitation Act can be combined for analytical purposes because the analysis is 'substantially the same.'") (quoting *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 n.9 (4th Cir. 1995); *Rogers v. Dep't of Health & Envtl. Control*, 174 F.3d 431, 433-34 (4th Cir. 1999) (stating that courts may apply Rehabilitation Act precedent in interpreting the ADA, and vice versa). Indeed, the statutes "share the same definitions of disability," *Paulone v. Frederick*, 787 F. Supp. 2d 360, 369 (D. Md. 2011), and Title II of the ADA explicitly provides that "[t]he remedies, procedures, and rights" provided under § 504 of the Rehabilitation Act "shall be the remedies, procedures, and rights [that Title II of the ADA] provides to any person alleging discrimination on the basis of disability . . ." 42 U.S.C. § 12133.

To prevail under a Rehabilitation Act § 504 claim, "a plaintiff must show that [he or] she was excluded from participation in, or denied the benefits of, a program or service offered by a public entity, or subjected to discrimination by that entity." *Constantine*, 411 F.3d at 499 (emphasis omitted); *see also Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 502-03 (4th Cir. 2016). Beyond conclusorily stating that he has been excluded from participation "in a program," Mr. Mills has included no factual allegations to support a claim that the Rehabilitation Act was violated. Indeed, he has again simply recited the elements of a claim under the Act. As noted with regard to his § 1983 claims, Mr. Mills offers no further factual allegations in support of his claim in the subsequent filings. ECF 17 and 25. His claim that the Rehabilitation Act was violated must also be dismissed.

### III.   Unnamed Defendants (John Doe and Mary Doe Defendants)

The Complaint fails to state a claim upon which relief may be granted as outlined above. This deficiency would not be cured if Mr. Mills were allowed to amend his Complaint to identify the unnamed defendants. To the extent that Mr. Mills attributes any of the "handcuff abuse" to any of the unnamed defendants, the Complaint fails to state a claim. *See* 28 U.S.C. §§ 1915A,

1915(e)(2). Further, any defendant that has not been identified and served within 90 days of the date the Complaint was filed must be dismissed from suit absent good cause shown. Fed. R. Civ. P. 4(m), *see also Atkisson v. Holder*, 925 F.3d 605, 627 (4th Cir. 2019) (good cause requires diligence by plaintiffs and consists of external factors such as the defendant's evasion of service). While a "plaintiff should be given an opportunity through discovery to identify the unknown defendants," that opportunity need not be afforded where, as here, "the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009). Additionally, a district court is not obligated "to wait indefinitely for the Plaintiff to take steps to identify and serve . . . unknown defendants." *Figueroa v. Rivera*, 147 F.3d 77, 83 (1st Cir.1998). Accordingly, the complaint shall be dismissed as to all John and Mary Doe defendants and as to two Correctional Officers Holt and Navaho, who remain unidentified and unserved.

## CONCLUSION

By separate Order which follows Defendants' motions, construed as Motions to Dismiss, shall be granted and Plaintiff's Motion to End Abuse shall be denied. The Complaint shall be dismissed as to the remaining individual defendants. The remaining case is STAYED pending disposition of Corizon's bankruptcy and a lifting of the automatic stay.


November 8, 2023                                      /s/
Date                                            Stephanie A. Gallagher
                                                United States District Judge